BARHAM, Justice
(dissenting).
Bill of Exceptions No. 3 is good. The defendant was charged with having committed armed robbery on March 25. Almost a month later, on April 18, the witness Ponson in a one-on-one situation identified the defendant in a police car. The majority opinion totally misrepresented the facts when it stated: “ * * * the defendant was brought to Church’s Fried Chicken House with eight other suspects.” (Emphasis supplied.) It is a fact that on a previous occasion on the 18th four suspects were brought to the witness Ponson in a police car, and later three other suspects were presented to the witness Ponson in a police car. But when the defendant was identified, only two people were in the car, the defendant and one other, and there is no indication that the other would have provided, or was even offered for the purpose of providing, a lineup situation. I have no problem with the rule of law allowing evidence of the circumstances leading to an arrest, but one-on-one identification procedures must be condemned except under exceptional circumstances, such as on-the-spot identification of suspects apprehended immediately after the crime, State v. Lewis, 255 La. 134, 229 So.2d 726 (1969); Commonwealth v. Bumpus, 354 Mass. 494, 238 N.E.2d 343 (1968), cert. denied 393 U.S. 1034, 89 S.Ct. 651, 21 L.Ed.2d 579 (1969), or identifications in contemplation that impending death may make the identifying witness unavailable later, Stovall v. *863 Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). No exception existed here. This case is governed by the rules of law in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, supra; Foster v. California, 394 U.S. 440, 89 S.Ct. 1172, 22 L.Ed.2d 402 (1969).
I respectfully dissent.